UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JONATHAN WILLIAM NELSON,

    Plaintiff,

v.                                            CASE NO. 8:17-cv-2076-T-23TGW

JAMES NOVAK, *et al.*,

    Defendants.
_____/

**O R D E R**

Nelson's complaint alleges that the defendants violated his civil rights when they allowed another detainee to attack him. Nelson filed "Prisoner Consent and Financial Certificate" forms (Docs. 9 and 13), in which he seeks leave to proceed *in forma pauperis*. The Prisoner Litigation Reform Act requires dismissal of an *in forma pauperis* prisoner's case "if the allegation of poverty is untrue" or if the case "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e). Although the complaint is entitled to a generous interpretation, *Haines v. Kerner*, 404 U.S. 519 (1972) (*per curiam*), Nelson must amend the complaint.

Nelson's initial complaint used the required form, but he failed to use the form with his amended complaint. (Docs. 1 and 10) Nelson filed additional papers entitled "statement" or "supplement," in which he attempts to amend his pleading. This action must proceed under a single pleading, which Nelson must entitle

"Second Amended Complaint." The clerk will send to Nelson the required form, which Nelson must use to submit his amended pleading. Nelson is cautioned to print clearly, to leave a one-inch margin around all sides of each page, and to not write on the back side of a page.

Nelson is a pre-trial detainee in the Pinellas County jail. Nelson alleges that on March 3, 2017, he was returned to his cell but the door was left unlocked. Nelson exited his cell and he was allegedly attacked by another detainee while he was talking to a friend.[1] Nelson is confined in "high risk" housing in which apparently only one detainee is allowed out of his cell at a time. Nelson alleges that the detention officers' failure to confirm that he was inside his cell before they released another detainee caused the attack. Nelson claims that the officers bribed the other detainee to attack him. Nelson names the Pinellas County jail and three detention officers as the defendants.

Nelson cannot pursue a claim against the Pinellas County jail, which is a facility operated by the Pinellas County Sheriff. As *Faulkner v. Monroe Cnty. Sheriff's Dep't*, 523 F. App'x 696, 700–01 (11th Cir. 2013),[2] explains, a "sheriff's department" is not a legal entity subject to suit:

> Whether a party has the capacity to be sued is determined by the law of the state in which the district court sits. *Dean v.*

---

[1] Exhibit 12 attached to the initial complaint reveals (1) that the video in the housing unit depicted Nelson "leaving [his] cell and engaging in furtive attempts to evade detection by staff" and (2) that Nelson was disciplined for his involvement in the "mutual physical altercation."

[2] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. Rule 36-2.

> *Barber*, 951 F.2d 1210, 1214–15 (11th Cir. 1992). Florida law has not established Sheriff's offices as separate legal entities with the capacity to be sued. Thus, the district court did not err by dismissing Faulkner's claim against MCSO because MCSO is not a legal entity with the capacity to be sued under Florida law. *See Fla. City Police Dep't v. Corcoran*, 661 So. 2d 409, 410 (Fla. Dist. Ct. App. 1995) (noting that the municipality, not the police department, had the power to sue and be sued under Florida law).

Nelson is advised that, although the factual allegations in a *pro se* complaint (including all reasonable and direct inferences) are accepted as true, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the factual allegations and reasonable inferences must "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Nevertheless, the complaint must meet certain pleading requirements, specifically, the complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests" and must provide "more than labels and conclusions [or] a formulaic recitation of the elements of the cause of action . . . ." *Twombly*, 550 U.S. at 555. Nelson may pursue a claim against the individual detention officers, but he must specifically identify which officer allegedly committed each wrongful act. The complaint must both contain "well-pleaded facts" and assert specific facts of wrongdoing because "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not 'shown' — 'that the pleader is entitled to relief.' Fed. Rule Civ. Proc. 8(a)(2)." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

Nelson cannot pursue a claim under Section 1983 based on negligence. *Daniels v. Williams*, 474 U.S. 327, 330–31 (1986) (holding that plaintiff must allege

more than negligence to state a claim under Section 1983); *Davidson v. Cannon*, 474 U.S. 344, 347–48 (1986) (holding that alleged negligent failure of prison official to protect one inmate from another inmate states no claim under Section 1983); *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (holding that neither an accident nor a defendant's negligence is sufficient to state a claim). Also, Nelson cannot pursue a claim against a supervisor based on *respondeat superior*. *Monell v. N.Y.C. Dep't of Social Services*, 436 U.S. 691, 694 (1978). *See also Goebert v. Lee County*, 510 F.3d 1312, 1331 (11th Cir. 2007) ("We do not recognize vicarious liability, including *respondeat superior*, in § 1983 actions."). The complaint must assert facts showing the direct involvement of each defendant in the alleged deprivation of Nelson's civil rights.

Nelson submits a paper entitled "Notice of Inquiry / Motion for Discovery." (Doc. 16) Nelson must not send a discovery request to the district court. Nelson may pursue discovery from a defendant only after that individual is properly served. The district court will authorize service of process after Nelson properly amends this action.

Nelson's request for relief includes (1) requiring the detention officers to reimburse him for "all medical and pysch charge fees," (2) recovering each officer's pension, and (3) firing of the officers. These remedies are not available in a civil rights action. Nelson may recover his requested punitive and compensatory damages for his mental and physical injuries, however, Nelson cannot recover monetary damages if the physical injury was merely *de minimus* and he cannot recover

monetary damages for mental or psychological injury without a sufficiently serious actual physical injury. "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury . . . ." 42 U.S.C. § 1997e(e) Nelson fails to adequately explain what physical injury he sustained. Lastly, Sheriff Gualtieri's response (Doc. 8) to Nelson's motion for a preliminary injunction (Doc. 5) shows that injunctive relief is not warranted.

Nelson must amend his action using the required form, which he must entitle "Second Amended Complaint." Nelson must limit the pleading to only the March 3, 2017, incident alleged in the original complaint, and he must correct the deficiencies noted above.

Accordingly, the motions for a preliminary injunction and for discovery (Docs. 5 and 16) are **DENIED**. The civil rights complaints (Docs. 1 and 10), as supplemented (Docs. 11 and 17), are **DISMISSED WITHOUT PREJUDICE** to the filing of a second amended complaint. The clerk must send to Nelson a civil rights complaint form. Nelson's failure to return the completed form within **THIRTY (30) DAYS** will result in the dismissal of this action. "Pinellas County jail" is **DISMISSED WITH PREJUDICE**.

ORDERED in Tampa, Florida, on May 21, 2018.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE